Filed 10/14/20  P. v. N.D. CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>N.D.,<br><br>    Defendant and Appellant. | F079695<br><br>(Super. Ct. No. MI-6628)<br><br>**OPINION** |

---

### THE COURT\*

APPEAL from a judgment of the Superior Court of Kern County.  John D. Oglesby, Judge.

Rudy Kraft, under appointment by the Court of Appeal, for Defendant and Appellant.

Margo A. Raison, County Counsel, and Kathleen Rivera, Deputy County Counsel, for Plaintiff and Respondent.

-ooOoo-

Appellant N.D. has a history of mental health issues.  On June 12, 2019, N.D. was admitted to Kern Medical Center on an involuntary 72-hour hold.  (See Welf. & Inst.

---

\*Before Levy, Acting P.J., Peña, J. and Meehan, J.

Code, § 5150, subd. (a); all further statutory references are to this code.) On June 15, 2019, he was certified for an additional 14 days of treatment for being a danger to himself and others, and because he was considered to be "gravely disabled." (See § 5250, subd. (a).) On June 27, 2019, Dr. David Weinstein of the Kern Medical Center petitioned the Kern Superior Court for "an order requiring [N.D.] to undergo an additional period of treatment, not to exceed 180 days, pursuant to [section 5300]."

On July 25, 2019, following a three-day jury trial, the prerequisite conditions for further confinement and treatment pursuant to section 5300 were found to exist. On the same day, the trial court issued an order remanding N.D. to an appropriate facility "for further intensive treatment for a period not to exceed 180 days from the date of [the] order." A deputy public defender filed a notice of appeal on N.D.'s behalf and requested the appointment of appellate counsel.

On or about March 9, 2020, N.D.'s appointed counsel filed the appellant's opening brief (AOB). In the AOB, counsel "requests that this court independently review the entire record on appeal" pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Respondent opposes this request and asks for the appeal to be dismissed. We will grant the request for dismissal.

The California Supreme Court has used the phrase "*Anders*/*Wende* procedures" to refer to the Court of Appeal's independent review of an appellate record if and when "appointed counsel represents he or she has found no arguable issues." (*Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 535 (*Ben C.*).) The *Ben C.* opinion holds that *Anders*/*Wende* procedures are not required in appeals taken from proceedings under the Lanterman-Petris-Short Act (§ 5000 et seq.). (*Ben C.*, *supra*, at p. 537.) In such cases, if appellate counsel informs the reviewing court he or she has found no arguable issues to be pursued, the court may dismiss the appeal. (*Id.* at p. 544.) "Nothing is served by requiring a written opinion when the court does not actually decide any contested issues." (*Ibid.*)

N.D.'s counsel expresses his disagreement with the holding of *Ben C.*, but he concedes it is binding precedent. However, relying on a footnote in the *Ben C.* majority opinion, counsel argues we should conduct *Anders/Wende* procedures as a matter of discretion. (See *Ben C.*, *supra*, 40 Cal.4th at p. 544, fn. 7 ["The court may, of course, find it appropriate to retain the appeal"].) Counsel has also attested to informing N.D. of his right to file a supplemental brief in this matter, which N.D. has not done. (See *id*. at p. 544, fn. 6.)

Although this court has discretion to "retain the appeal" (see *Ben C.*, *supra*, 40 Cal.4th at p. 544, fn. 7), we decline to do so. One reason is because the order from which the appeal is taken expired 180 days after it was issued, i.e., on or about January 21, 2020. As noted above, the AOB was filed in March 2020. Therefore, any potentially arguable issues became moot before the AOB was even filed. (See *Woodward Park Homeowners Assn. v. Garreks*, *Inc*. (2000) 77 Cal.App.4th 880, 888 ["A case is moot when any ruling by this court can have no practical impact or provide the parties effectual relief"].)

## DISPOSITION

The appeal is dismissed.